# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BROADCAST MUSIC, INC.;<br>SONY/ATV SONGS LLC d/b/a SONY/ATV<br>TREE PUBLISHING; ALLEY MUSIC<br>CORP.; T/Q MUSIC, INC. d/b/a TRIO<br>MUSIC COMPANY; RONDOR MUSIC<br>INTERNATIONAL, INC. d/b/a IRVING<br>MUSIC; FOURTEENTH HOUR MUSIC;<br>SPRINGTIME MUSIC, INC.; SCREEN<br>GEMS-EMI MUSIC, INC.; BIG YELLOW<br>DOG, LLC d/b/a BIG YELLOW DOG<br>MUSIC; TOKECO TUNES,<br><br><br><br>Plaintiffs,<br><br>v.<br><br>JOHN D. ANTIARIS, Individually and<br>d/b/a SHERWOOD'S RESTAURANT<br>AND BAR,<br><br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.: |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendant, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act").   This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

THE PARTIES

3.      Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony/ATV Tree Publishing.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.      Plaintiff Alley Music Corp. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.      Plaintiff T/Q Music, Inc. is a corporation doing business as Trio Music Company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.       Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.      Plaintiff Fourteenth Hour Music Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

2

10.     Plaintiff Springtime Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

11.     Plaintiff Screen Gems-EMI Music, Inc. is a corporation.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

12.     Plaintiff Big Yellow Dog, LLC is a limited liability company doing business as Big Yellow Dog Music.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

13.     Plaintiff Tokeco Tunes is a sole proprietorship owned by Toby Keith Covel.  This Plaintiff is the copyright owner of at least one of the songs in this matter.

14.     Defendant John D. Antiaris operates, maintains and controls an establishment known as Sherwood's Restaurant & Bar, located at 35 Route 171, Woodstock, Connecticut (the "Establishment") in this District.  In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

## CLAIMS OF COPYRIGHT INFRINGEMENT

15.     Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 14.

16.     Since January 2013, BMI has reached out to Defendant  over fifty-five (55) times, by phone and mail in an effort to educate Defendant as to his obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices, providing Defendant with formal notice that he must immediately cease all use of BMI-licensed music in the Establishment.

17.     Plaintiffs allege six (6) claims of willful copyright infringement, based upon Defendant's unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendant.

18.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendant.  The Schedule contains information on the six (6) claims of copyright infringement at issue in this action.   Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this Action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

19.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

20.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

21.    For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

22.    For each work identified on the Schedule, on the date(s) listed on Line 7, Defendant publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendant has committed copyright infringement.

23.    The specific acts of copyright infringement alleged in the Complaint, as well as Defendant's entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendant threatens to continue committing copyright infringement.  Unless this Court restrains Defendant from committing further acts of  copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

**Prayer for Relief**

WHEREFORE, Plaintiffs pray that:

(I) Defendant, his agents, servants, employees, and all persons acting under his permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendant be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendant be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17

U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.


Dated: January 19, 2016


By:    /s/ Wm. Tucker Griffith
         Wm. Tucker Griffith (ct 19984)
          *tucker@ip-lawyers.com*
         McCormick, Paulding & Huber LLP
         185 Asylum Street, CityPlace II, 18th Floor
         Hartford, CT 06103
         860-549-5290

         Attorney(s) for Plaintiffs

# *Schedule*

Line 1          Claim No.                                    1

Line 2          Musical Composition          Boot Scoot Boogie a/k/a Boot Scootin' Boogie

Line 3          Writer(s)                          Ronnie Dunn a/k/a Ronnie G. Dunn

Line 4          Publisher Plaintiff(s)          Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing

Line 5          Date(s) of Registration     3/23/92

Line 6          Registration No(s).            PA 563-279

Line 7          Date(s) of Infringement     05/23/2014

Line 8          Place of Infringement        Sherwood's Restaurant & Bar

---

Line 1          Claim No.                                    2

Line 2          Musical Composition          Good Lovin'

Line 3          Writer(s)                          Rudy Clark; Arthur Resnick a/k/a Art Resnick

Line 4          Publisher Plaintiff(s)          Alley Music Corp.; T/Q Music, Inc. d/b/a Trio Music Company

Line 5          Date(s) of Registration     2/5/93          2/5/93          3/1/65

                                                            5/28/65

Line 6          Registration No(s).            RE 626-729    RE 629-086    Eu 869364

                                                            Ep 203018

Line 7          Date(s) of Infringement     05/23/2014

Line 8          Place of Infringement        Sherwood's Restaurant & Bar

---

| Line 1 | Claim No. | 3 |
|---|---|---|
| Line 2 | Musical Composition | Hard To Handle |
| Line 3 | Writer(s) | Alvertis Isbell; Allen Jones; Otis Redding |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music |
| Line 5 | Date(s) of Registration | 6/13/68        12/13/68 |
| Line 6 | Registration No(s). | Eu 58360        Ep 254414 |
| Line 7 | Date(s) of Infringement | 05/23/2014 |
| Line 8 | Place of Infringement | Sherwood's Restaurant & Bar |

| Line 1 | Claim No. | 4 |
|---|---|---|
| Line 2 | Musical Composition | Mustang Sally |
| Line 3 | Writer(s) | Bonny Rice |
| Line 4 | Publisher Plaintiff(s) | Fourteenth Hour Music Inc.; Springtime Music, Inc. |
| Line 5 | Date(s) of Registration | 4/27/93        3/22/65 |
| Line 6 | Registration No(s). | RE 627-422    Eu 873659 |
| Line 7 | Date(s) of Infringement | 05/23/2014 |
| Line 8 | Place of Infringement | Sherwood's Restaurant & Bar |

| Line 1 | Claim No. | 5 |
|---|---|---|
| Line 2 | Musical Composition | We Gotta Get Out Of This Place |
| Line 3 | Writer(s) | Barry Mann; Cynthia Weil |
| Line 4 | Publisher Plaintiff(s) | Screen Gems-EMI Music, Inc. |
| Line 5 | Date(s) of Registration | 8/5/65        10/13/65 |
| Line 6 | Registration No(s). | Eu 895700    Ep 208731 |
| Line 7 | Date(s) of Infringement | 05/23/2014 |
| Line 8 | Place of Infringement | Sherwood's Restaurant & Bar |

| Line 1 | Claim No. | 6 |
| Line 2 | Musical Composition | I Love This Bar |
| Line 3 | Writer(s) | Scott Emerick, Toby Keith |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; Big Yellow Dog, LLC d/b/a Big Yellow Dog Music; Toby Keith Covel, an individual d/b/a Tokeco Tunes |
| Line 5 | Date(s) of Registration | 11/21/03 |
| Line 6 | Registration No(s). | PA 1-203-072 |
| Line 7 | Date(s) of Infringement | 05/23/2014 |
| Line 8 | Place of Infringement | Sherwood's Restaurant & Bar |